IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PENDER WEST CREDIT 1 REIT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> KHAN REAL ESTATE, LLC, MANSOOR A. KHAN, WESTERN INN MOTEL, LLC, CREDIBLY <br><br> Defendants. | CV 19-126-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Pender West Credit 1 Reit, LLC ("Pender") originally brought this foreclosure action in the Thirteenth Judicial District Court, Yellowstone County, in the State of Montana. On November 14, 2019, Defendants Khan Real Estate, LLC ("Khan Real Estate"), Mansoor A. Khan ("Mr. Khan"), and Western Inn Motel, LLC ("Western Inn") timely removed, alleging this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Doc. 1.) Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Docs. 23, 34.)

Presently before the Court are Pender's Motion to Remand (Doc. 2) and Defendants' Motion to Dismiss (Doc. 20).[1] These motions are fully briefed and

---

[1] Pender has also filed an Amended Motion for a Show Cause Hearing for Claim and Delivery Pursuant to Mont. Code Ann. § 27-17-203 (Doc. 11) and Motion to

1

ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** Pender's Motion to Remand be **DENIED**, and Defendants' Motion to Dismiss be **GRANTED in part** and **DENIED in part**, as set forth below.

I. **BACKGROUND**

The Real Property that is the subject of this foreclosure action is located at 3311 2nd Avenue North, Billings, Montana, 59101, and is known as the Western Inn Motel (the "Motel"). Khan Real Estate owns the Real Property and Western Inn is the current tenant of the motel located on the property.

On November 13, 2018, Pender loaned Khan Real Estate $1,100,000.00. As security for the Promissory Note, Khan Real Estate executed and delivered a Deed of Trust and Assignment of Rents to Pender, as well as a Loan Agreement evidencing the Promissory Note. The Deed of Trust encumbers the Motel as security for repayment of the Promissory Note. As further security, Mr. Khan, as Guarantor, executed a Payment Guaranty, under which he guaranteed all payments under the Loan Documents.

Pender alleges Khan Real Estate is in default of the Deed of Trust for failing to make payments when due under the Promissory Note. Pender further alleges

---

Appoint Receiver (Doc. 13), and Defendants have filed a Motion to Stay Proceedings (Doc. 21). These motions will be addressed by separate order.

Khan Real Estate is in default by failing to maintain the required insurance naming Pender as an additional insured.

On October 18, 2019, Pender filed the instant action for foreclosure, and for claim and delivery in the Montana Thirteenth Judicial District Court, Yellowstone County, Cause No. DV 19-1461.  (Doc. 5.)  On November 14, 2019, Defendants removed the action to this Court.  (Doc. 1.)

## II. DISCUSSION

### A. Motion to Remand

Pender argues Defendants' removal of this action was procedurally deficient because Defendants failed to include certain documents from the State court file in the Notice of Removal.  As a result, Pender contends this case must be remanded.  The Court finds Pender's argument is not well taken in light of *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136 (9th Cir. 2013).

The procedural requirements for removal of civil actions are set forth in 28 U.S.C. § 1446.  Pursuant to §1446(a), a defendant desiring to remove a civil action from state court must file a notice of removal in the federal court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The Ninth Circuit has held that the failure to attach

3

a required document to the notice of removal is a curable defect. *Kuxhausen*, 707 F.3d at 1142.

In *Kuxhausen*, the removing defendant failed to attach the original complaint to the notice of removal. *Kuxhausen*, 707 F.3d at 1142. The court determined the error did not require remand. The Ninth Circuit explained "[w]e agree with a leading treatise and with our sister circuits that 'this *de minimis* procedural defect was curable' even 'after expiration of the thirty-day removal period.'" *Id.* The court also indicated the defect was not prejudicial because once the plaintiff raised the objection, the defendant "identified precisely where the missing complaint could be found in the record." *Id.*

Since, *Kuxhausen* was decided, numerous district courts in the Ninth Circuit have followed its holding. *See e.g. Allision v. Dolich*, 2014 WL 7240676, *2 (D. Or. Dec. 16, 2014) ("Defendants' failure to file a copy of the summons served upon Dolich does not warrant remand of this action to state court[.]"); *Carrasco v. Horwitz*, 2014 WL 7205912, *2 (S.D. Cal. Dec. 17, 2014) ("The failure to attach 'a copy of all process, pleadings, and orders served upon such defendant or defendants' in this case was a curable defect and this case should not be remanded[.]"); *Loewen v. McDonnell*, 2019 WL 2364413, *9 (N.D. Cal. June 5, 2019) (declining "to remand this action based on a mere technicality" where the defendant failed to attach the complaint to the notice of removal); *Pyro-Comm*

*Systems Inc. v. W. Coast Fire & Integration, Inc.*, 2015 WL 12743687, *2 (C.D. Cal. March 11, 2015) (finding *Kuxhausen* "squarely forecloses" the argument that the defendant's failure to attach documents to the notice of removal warrants remand); *Chen v. Vertical Screen, Inc.*, 2017 WL 3704836, *6 (W.D. Wash. Aug. 28, 2017) ("[E]ven if Mr. Chen is correct that Defendants failed to file a state court document upon removal, Defendants' error is a *de minimis* procedural defect that is curable even after the expiration of the 30-day removal period.").

Here, Defendants concededly failed to attach certain documents from the State court file to their Notice of Removal, including: a Summons to Khan Real Estate, a Summons to Western Inn, and an Order to Show Cause. In light of *Kuxhausen*, however, this *de minimis* defect does not require remand.

Further, the procedural deficiency is not prejudicial. The entire State court record was actually received in this Court's Clerk's office within the 30-day removal period. The State court file was received on November 18, 2019, which was 4 days after the Notice of Removal was filed and 4 days before the time period for removal expired.[2] (*See* Docs. 4-7.) The defect, therefore, did not delay the proceedings in this Court. *See e.g. Rocha v. Brown & Gould, LLP*, 61 F.Supp.3d 111, 113-15 (D.D.C. 2014) (holding "there was no prejudice to any party from

---

[2] The State court file was received by the Clerk's office on November 18, 2019, but for unknown reasons was not uploaded to CM/ECF until December 11, 2019. (*See* Docket text at Doc. 4; Doc. No. 8 at 15-16.)

5

defendants' initial mistake" in failing to attach a first amended complaint, summons and order to the notice of removal because "there was no practical need for defendants even to supplement the original notice of removal because their already-*de minimis* procedural defect was quickly corrected for when the state court documents were transferred and then posted electronically for this Court to access within just a few days of the removal notice being filed"). Moreover, the pleadings attached to the Notice of Removal provided the Court sufficient information to evaluate whether federal jurisdiction exists. *Gerber v. FCU US, LLC*, 2017 WL 2705428, *5 (S.D. Cal. June 23, 2017) (noting "the Court should not remand for defects in the removal procedure where the pleading that are attached to the notice of removal provide the Court with sufficient information from which it can evaluate whether federal jurisdiction exists."). In line with these authorities, Defendants' error does not require remand.

Pender relies on *Catalina Corp. v. Pauma Band of Luiseno Indians*, 2010 WL 4024895 (S.D. Cal. Oct. 12, 2010) and *Kisor v. Collins*, 338 F.Supp.2d 1279 (N.D. Ala. 2004) in support of its argument that the Court should remand this case. But these non-binding opinions – one of which is unpublished and the other from

out of circuit – were decided prior to *Kuxhausen*.[3]  As such, neither is persuasive nor controlling.

Accordingly, the Court recommends Pender's motion to remand be denied.

### B. Motion to Dismiss

Defendants move to dismiss for insufficient service of process. Defendants assert service has never been made on Mr. Khan, a point Pender concedes. Defendants further argue Pender's attempt to serve Khan Real Estate and Western Inn by leaving documents at the Motel was inadequate. Pender counters that Khan Real Estate and Western Inn were properly served twice; first by a licensed process server at their place of business on October 24, 2019, and by the Secretary of State on November 21, 2019.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5), dismissal is the appropriate remedy for insufficient service of process. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

---

[3] The Court notes that although the court in *Catalina* determined the failure to attach documents to a notice of removal required remand, the same court reached the opposite conclusion four years later in *Carrasco*, 2014 WL 7205912 at *2, based on the Ninth Circuit's holding in *Kuxhausen*, 707 F.3d 1136.

Courts may consider evidence outside the pleadings, such as affidavits, depositions, and oral testimony, in resolving a Rule 12(b)(5) motion. *Fairbank v. Underwood*, 986 F.Supp.2d 1222, 1228 (D. Or. 2013).

Here, there was a pre-removal attempt at service on October 24, 2019, and a post-removal attempt at service on November 21, 2019. When service of process occurs before removal, the sufficiency of service is determined according to state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), overruled on other grounds by *California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008). After removal, Federal Rule of Civil Procedure 4 governs.

The Montana Rules of Civil Procedure provide, in relevant part, that a business may be served by:

> (A) delivering a copy of the summons and complaint to:
>     (i) an officer;
>     (ii) a director;
>     (iii) a manager;
>     (iv) a member of a member-managed limited liability company;
>     (v) a superintendent;
>     (vi) a managing agent;
>     (vii) a general agent; or
>     (viii) a partner, [or]
>
> (B) leaving copies of the summons and complaint at the office or place of business within Montana with the person in charge of such office.

Mont. R. Civ. P. 4(i)(3)(B).

Montana law further provides that service may be made by the Clerk of Court on the Secretary of State in certain circumstances. Mont. R. Civ. P. 4(j). Rule 4(j) provides that when none of the persons designated to accept service under Rule 4(i) can be found in Montana with the exercise of due diligence, the party seeking service may ask the Clerk of Court to issue an order directing process be served upon the Montana Secretary of State. Mont. R. Civ. P. 4(j)(3), (5). Once the Clerk of Court serves the Secretary of State, the Secretary must mail a copy of the summons and complaint by certified mail, return receipt requested, to the last known address of the person to be served. Mont. R. Civ. P. 4(j)(6). Service made in accordance with Rule 4(j) "is deemed personal service on the corporation or limited liability company and the secretary of state . . . is thereby appointed agent of the corporation or limited liability company for service of process." Mont. R. Civ. P. 4(j)(7). The date of service under Rule 4(j) is the date when the Secretary of State receives either the return receipt purportedly signed by the addressee or notification from the U.S. Postal Service that the delivery was refused by the addressee. Mont. R. Civ. P. 4(P)(4)(A).

Federal Rule of Civil Procedure 4 provides a corporation, partnership or association may be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Rule 4(e)(1), in turn provides that a party may serve and individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1).

Therefore, service is effective here, either before or after removal, if accomplished in accordance with Montana law under Mont. R. Civ. P. 4(i)(3)(B) or 4(j).

The parties present competing versions of the events surrounding the attempted service on October 24, 2019. Pender asserts service was accomplished under Mont. R. Civ. P. 4(i)(3)(B) when the process server left copies of the Summons and Complaint with a person in charge at Western Inn and Khan Real Estate's place of business. According to Pender, the process server, Randall Azure, entered the Western Inn Motel, located at 3311 2nd Avenue North, Billings, Montana, 59101,[4] and placed a box containing the Summons and Complaint on the

---

[4] Pender points out that the Secretary of State shows the principal office of Western Inn and Kahn Real Estate is 3311 2nd Avenue North, Billings, Montana, 59101.

front desk in the Motel's lobby. Mr. Azure spoke with a woman who identified herself as "Connie." Connie allegedly informed Mr. Azure that she was as close to a manager as he was going to find. He left the documents with her. According to Mr. Azure, Connie proceeded to throw the documents at him and placed the box containing the documents on his car. Mr. Azure took the documents off the hood of his car, put them on the grass in front of the Motel, and told Connie he was leaving them with her.

In contrast, according to Defendants, an elderly gentleman entered the Motel and placed a box of papers on a breakfast table in the lobby. Defendants assert one of the Motel's housekeepers, Glenda Gardner, was in the room when the man left the box on the table. She states no one else was in the lobby or the breakfast area at the time. Ms. Gardner further states the man did not talk to her or even recognize that she was present. She states he left without attempting to speak with anyone. Defendants further argue that there are no employees or other persons responsible for Western Inn or Khan Real Estate named Connie.

The Court need not resolve the factual dispute concerning the attempted service on October 24, 2019, however, because Pender also effected service through the Secretary of State. Defendants do not contest that service was accomplished by the Secretary of State under Mont. R. Civ. P. 4(j).

Pender attempted to serve Mr. Khan as the registered agent of Khan Real Estate, and Khan Real Estate as the registered agent for Western Inn. Pender attempted service in both Billings, Montana and in Clarksville, Tennessee, but was unsuccessful. (Docs. 24-1; 24-9; 24-10.) Pender therefore asked the Clerk of Court to issue an order directing process to be served on the Secretary of State. (Doc. 24-10.) Thereafter, the Secretary of State mailed copies of the Summons and Complaint to Khan Real Estate and Western Inn by certified mail, return receipt requested. (Docs. 24-2; 24-3.) On November 21, 2010, the Secretary of State was notified by the postal authorities that the certified mailings were "Refused." (Docs. 24-2 at 2, 4; 24-3 at 3, 6.) Accordingly, service on Khan Real Estate and Western Inn was complete as of November 21, 2019, which was within the 90-day limit for service of process. Fed. R. Civ. P. 4(m).

Therefore, even if the service on October 24, 2019 at the Motel is deemed ineffective, the defect was cured when service was accomplished pursuant to Mont. R. Civ. P. 4(j) on November 21, 2019. *Park Plaza Condo. Ass'n v. Travelers Indem. Co. of Am.*, 2018 WL 1400431, *5 (D. Mont. Mar. 20, 2018) (noting "improper service generally can be cured . . ."). Accordingly, the Court has jurisdiction over Khan Real Estate and Western Inn. Because Pender has failed to establish service on Mr. Khan individually, however, the Court lacks jurisdiction over him.

The Court therefore recommends Defendants' motion to dismiss be granted as to Mr. Khan, and denied as to Khan Real Estate and Western Inn.

### III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Pender's Motion for Remand (Doc. 2) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 20) be **GRANTED in part and DENIED in part**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 18th day of May, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge